IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
DARRELL REED,                           No. C 11-0690 CW (PR)
          Plaintiff,                    ORDER OF DISMISSAL
     v.
LUPE MARTINEZ,
          Defendant.
                                    /
```

Plaintiff, a prisoner of the State of California, has filed this pro se civil rights action under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis. Plaintiff alleges that Defendant Lupe Martinez, the private attorney who represented Plaintiff in his criminal proceedings, coerced Plaintiff to plead guilty to a crime Plaintiff says he did not commit. Plaintiff seeks monetary damages from Defendant.

## STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

(2) that the alleged violation was committed by a person acting under the color of State law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

## DISCUSSION

Plaintiff seeks monetary damages for alleged inadequate representation by his private criminal defense attorney. As a matter of law, Plaintiff's allegations fail to state a claim for relief under § 1983.

Attorneys in private practice are private individuals and are not State actors. <u>See</u> <u>Simmons v. Sacramento County Superior Court</u>, 318 F.3d 1156, 1161 (9th Cir. 2003); <u>see also</u> <u>Kimes v. Stone</u>, 84 F.3d 1121, 1126 (9th Cir. 1996) (attorneys are private actors). Therefore, services performed by a private attorney in connection with a lawsuit do not constitute action under color of State law, and claims for legal malpractice do not come within the jurisdiction of the federal courts. <u>See</u> <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344-45 (9th Cir. 1981). Accordingly, Plaintiff's allegations against Defendant fail to state a claim for relief under § 1983 and this action is hereby DISMISSED WITH PREJUDICE.

The Clerk of the Court shall close the file and terminate any pending motions.

IT IS SO ORDERED.

Dated: 8/15/2011

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DARRELL REED,

        Plaintiff,

  v.

LUPE MARTINEZ et al,

        Defendant.

Case Number: CV11-00690 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 15, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Darrell Reed AB3985
Solano State Prison
P.O. Box 4000
Facility 3, Building 13-G-1-up
Vacaville, CA 95696-4000

Dated: August 15, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

3